TUCKER *v.* CONTINENTAL BAKING CO.

1. MASTER AND SERVANT—OVER-EXERTION.
   Evidence *held,* sufficient to warrant finding that employee who took orders and delivered baked goods died from over-exertion in putting out fire on his truck.

2. SAME—NOTICE TO EMPLOYER.
   Record *held,* insufficient to show that employer had such notice or knowledge of over-exertion on part of employee which resulted in his death as to entitle the widow to workmen's compensation.

Appeal from Department of Labor and Industry. Submitted October 5, 1934. (Docket No. 113, Calendar No. 37,817.)   Decided December 10, 1934.

Emma Tucker presented her claim against the Continental Baking Company, employer, and Liberty Mutual Insurance Company, insurer, for alleged accidental injuries resulting in death of her husband, Homer Tucker. Award to plaintiff. Defendants appeal. Reversed.

*P. L. Sawyer,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

POTTER, J.   Defendants appeal from an award of the department of labor and industry to plaintiff, the widow of Homer Tucker, deceased.

It is the claim of plaintiff that Homer Tucker was an employee of the Continental Baking Company immediately prior to his death, and had been in its employ for many years; on the morning of May 23, 1931, he left home with his son Stanley, aged

about 15 years, and arrived at the baking company plant at about 3:30 a. m. where he loaded a truck with baked goods for delivery to customers. He was then, and always had been, a strong, able-bodied man. At the Grosse Ile Golf and Country Club, while he was in the clubhouse delivering baked goods and taking an order, his son, who remained on the truck, noticed smoke coming from under the seat cushion of the driver's seat. He threw the cushion on the ground; says he put some fire out on the battery box which was immediately under this cushion. He notified his father, who was in the clubhouse, of the fire. His father came out, saw the smoke emerging from the cushion and ran to the clubhouse where he procured a small lard pail which he filled with water and, making two trips to the clubhouse for water, finally put the fire on the seat cushion out. Then he and his son repaired the wiring on the truck, which it is claimed had short-circuited and caused the fire, replaced the cushion, and continued deliveries of baked goods throughout the forenoon. About 1:00 o'clock in the afternoon they reached home, and later in the afternoon Homer Tucker drove the truck down to the baking company, and then came back home about 4:30 o'clock in the afternoon. During the afternoon he shaved, and after dinner started to a neighbor's house where he expected to spend the evening playing cards. His wife went to a show. While walking on the street on his way to the neighbor's, Tucker was taken violently ill and died in a few minutes. After his death, the officers and employees of the baking company attended his funeral.

The important question is whether the employer had notice of an accident. It is not claimed decedent suffered electric shock; the short-circuit had

direct causal connection with his death; he was injured by the operation of the truck; but it is claimed the running after the water to put out the fire on the cushion of the truck, which was lying on the ground, was the cause of his death.

When he returned the truck to the baking company, he said to the assistant manager the truck had caught fire. He made no claim he had been hurt or injured. He made no claim then, and none is made now, he was burned or suffered in any way from electric shock, or from the operation of the truck. It is said he told one Sharrow he had a fire on the truck, a short-circuit, and it "pretty near got me." It is claimed the son, after his father's death, told Mr. Burmore, of the baking company, they had a fire on the truck and it "upset" his father.

Viewing this testimony in the light of what it is claimed happened, the question is whether it gave notice to defendant company Tucker had suffered an accidental injury growing out of and in the course of his employment.

Giving the language its broadest scope, it gave the company notice there had been a fire on the truck. It is not claimed Tucker was in any way affected by the fire. It is claimed the short-circuit on the battery caused the fire, but it is not claimed this short-circuit in any way induced electric shock to Tucker. There is no claim he suffered any visible physical injury at all. The testimony the fire "pretty near got me" indicates possibly he thought if he had been in the truck he might have been burned. Certainly, the fire did not in any way affect him. It is now claimed he died from over-exertion and excitement. Considering the character of the man, his experience, physical makeup, his long employment by the company, it is altogether likely

had the direct question been put to him at the time he brought the truck back to the baking company whether he had been injured or not he would have said no.

We think, giving this testimony its full effect and drawing all reasonable inferences therefrom, it may not be fairly inferred the company had notice Tucker came to his death by reason of an accident growing out of and in the course of his employment. There is testimony that would warrant a finding upon the part of the commission the over-exertion caused his death, but there is no testimony the company had notice or knowledge of such over-exertion.

Award reversed, vacated and set aside.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.